UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

URIM SEJDINI,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

_____/

Criminal Case No. 03-80200-01
Civil Case No. 04-74207

HONORABLE NANCY G. EDMUNDS
HONORABLE STEVEN D. PEPE

REPORT AND RECOMMENDATION

Petitioner, through counsel, filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (dkt # 32). This motion has been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, IT IS RECOMMENDED that Petitioner's motion be DENIED.

I.      FACTS AND PROCEDURAL BACKGROUND

On April 3, 2003, Petitioner was indicted for three counts of distribution and possession with intent to distribute controlled substances and conspiracy to commit the same. Petitioner entered into a Rule 11 Plea Agreement with the government which allowed him to plead guilty to one count of conspiracy to distribute and to possess with intent to distribute 3,4 methylenedioxmethamphetamine (ecstacy). In the agreement, Petitioner admitted possessing and distributing 3,300 ecstacy tablets. Petitioner admitted that the total weight of the tablets were equivalent to one to four hundred kilograms of marijuana under USSG § 2D1.1(c), and that he possessed a dangerous weapon during the time of the offense. He was sentenced on

December 15, 2003, to 57 months, followed by 3 years supervised release, and $100 special assessment.

In his current motion, Petitioner argues illegal enhancements under *Blakely v. Washington,* 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005).

II.   ANALYSIS

   A.   Standard for Relief from Conviction and/or Sentence Under § 2255

   In relevant part, 28 U.S.C. § 2255 provides:

   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

A prisoner may seek relief from a conviction and/or sentence under 28 U.S.C. § 2255 if the prisoner can demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice. *See Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995); *United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993).

   B.   Factual Analysis

   The presentence investigation report stated that the sentencing range for Petitioner's offense in this case was 57 to 71 months. Petitioner argues that his guilty plea established only that he subject to sentence from zero to twenty years. He acknowledges that other facts were admitted during the plea which were relevant to the determination of sentence under the

sentencing guidelines, but argues that the guidelines are unconstitutional under *Blakely* and *Booker*.

        1.     *Finality of case*

28 U.S.C. § 2255 provides for a one year time limit for the filing of all petitions. This one year period runs from "(1) the date on which the judgment of conviction becomes final . . . or (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review". § 2255 (1) and (3). The conviction of a federal criminal defendant who petitions for writ of certiorari to the United States Supreme Court becomes final when the Court denies the petition for a writ of certiorari. *See, e.g., Caspari v. Bohlen*, 510 U.S. 383, 390 (1994); *Griffith v. Kentucky*, 479 U.S. 314, 321(1987); *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983); *United States v. Johnson*, 457 U.S. 537, 542 (1982). For petitioner, that period expired on December 15, 2004, one year after his judgment was finalized unless he can demonstrate a newly recognized right that is to be applied retroactively on collateral review. *Clay v. United States,* 537 U.S. 522, 527-528 (2003).

        2.     *Retroactivity of Blakely and Booker to final judgments*

Petitioner argues that he received a sentencing enhancement which, in light of *Blakely* and *Booker*, unconstitutionally raised his sentence. *Booker* applied *Blakely* reasoning to the Federal Sentencing Guidelines, holding that "any fact [other than a prior conviction] which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker* at 756. Because the Sixth Circuit has ruled that *Booker* is not

retroactive to cases on post-conviction review, Petitioner's claims are unsupported. *Humpress v. United States*, 398 F.3d 855, 860-863 (6th Cir. 2005); *Thelen v. United States*, 2005 U.S. App. LEXIS 5050 (6th Cir. Mich. Mar. 28, 2005); *Varnes v. United States*, 2005 U.S. Dist. LEXIS 4322 (N.D. Ohio Mar. 21, 2005).

III.     RECOMMENDATION

Accordingly, IT IS RECOMMENDED that Petitioner's motion to vacate, set aside, or correct his sentence be DENIED.  Any objections to this Report and Recommendation must be filed within ten (10) days of its service.  28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2).  Failure to file objections within the specified time constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: April 26, 2005                                  s/Steven D. Pepe
Ann Arbor, MI                                          United States Magistrate Judge

Certificate of Service

      I hereby certify that on April 26, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Bruce Judge, and I further certify that I mailed a copy to the following non-ECF participant: J. Leonard Hyman.

                              s/William J. Barkholz
                              Courtroom Deputy Clerk